**Randall W. Richards (No. 4503)**
Richards and Brown
938 University Park Blvd. #140
Clearfield, Utah 84015
Telephone: (801) 773-2080
*lawyers@richardsbrownlaw.com*

*Attorneys for Plainiff*

## IN THE UNITED STATES DISTRICT COURT
## STATE OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| FREDDY JOE REYES,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>UTAH DEPARTMENT OF NATURAL RESOURCES PARKS AND RECREATION, MIKE FOWLKS, CHASE PILL, MERCER OWEN, JAMES MORGAN, JOHN DOES I-V, and JANE DOES I-V,<br><br>　　　　Defendants. | **COMPLAINT AND JURY DEMAND**<br><br><br><br>Case No. _____<br><br>Judge: _____ |

　　　　Plaintiffs' Freddy Joe Reyes, by and through his attorney, and for their Complaint against Defendants – UTAH DEPARTMENT OF NATURAL RESOURCES PARKS AND RECREATION, CHASE PILL, MERCER OWEN, JAMES MORGAN, MIKE FOWLKS; JOHN DOES I-V, and JANE DOES I-V,

### JURISDICTION AND VENUE

1.　　This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has

supplemental jurisdiction over Plaintiffs' causes of action arising under the Utah state law pursuant to 28 U.S.C. § 1367.

2. Venue lies in the United States District Court for the District of Utah because the events and omissions giving rise to Plaintiffs' claims occurred in Weber County Utah, Utah. 28 U.S.C. § 1391(b)(2).

3. Defendants are subject to personal jurisdiction within this district.

## PARTIES

4. Plaintiff Freddy Joe Reyes is and at all times pertinent has been a citizen of the United States and a resident of Weber County, State of Utah.

5. Defendant is Utah Department of Natural Resources Parks and Recreation (DNR), a political subdivision of the State of Utah. As part of its corporate powers, and at all times relevant, the DNR employed and trained its officers including defendant officers above named.

6. Defendant Mike Fowlks in both his official and individual capacity, who was the director of the Utah Division of Wildlife Resources and Utah Department of Natural Resources at the time of the incident, and was a principal policymaker for the Department of Natural Resources. Upon information and belief, Fowlks is a resident of Salt Lake County, State of Utah.

7. Defendant is Chase Pill in both his official and individual capacity, who was an officer for DNR at the time of the incident.  Upon information and belief, Pill is a resident of Weber County State of Utah.

8. Defendant is Mercer Owen in both his official and individual capacity, who was an officer for DNR at the time of the incident.  Upon information and belief, Mercer is a resident of Weber County State of Utah.

9. Defendant is Mercer Owen in both his official and individual capacity, who was an officer for DNR at the time of the incident. Upon information and belief, Owen is a resident of Weber County State of Utah.

10. Defendants are persons under the meaning of 42 U.S.C. § 1983 and are located in this judicial district.

## GENERAL ALLEGATIONS

11. Freddy Joe Reyes, on or about October 20, 2018, was legally driving his ATV in the area of Dry Pond Road, US Forest Service in Cache County Utah.

12. While he was driving, the three above named officers pulled Mr. Reyes over without reasonable suspicion, and proceeded to arrest him for a DUI.

13. It was later determined that he had no alcohol or any controlled substance in his system, and all charges were dismissed.

14. At all relevant times, Joe Reyes was in the custody of the DNR officers named above.

15. After conducting an illegal search of Mr. Reyes, the officers placed him in handcuffs in the belly chain and then transported him in the front seat of the patrol OHV vehicle.

16. Showing intentional and deliberate indifference to Mr. Reyes personal safety and constitutional rights, neither Officer Owen, Officer Phil, or Officer Mercer bothered to attached the seatbelt or shoulder harness on Mr. Reyes. They did however all take their time to securely fasten their own seatbelts and shoulder harnesses.

17. There was a large sign on the DNR OHV in which Mr. Reyes was being transported that specifically required anyone riding in the vehicle to be securely fastened in the seatbelt and shoulder harness. Unfortunately, due to the fact that Mr. Reyes was in handcuffs in the belly chain he was unable to move his hands more than a few inches, and therefore it was impossible

3

for him to apply the seatbelt and shoulder harness.

18. Officer Pill then drove the OHV in a dangerous manner and drove off the road crashing into a fence post causing serious physical injuries to Mr. Reyes. None of the officers who were buckled in with seat and shoulder belts received any injury.

19. Even after having caused the serious bodily injuries, the officers continued to process the DUI rather than spending their full attention toward attempting to help him in his dire physical injury situation.

## FIRST CAUSE OF ACTION

### Deliberate Indifference to Mr. Reyes' 5th 8th and/or 14th Amendment Rights– Failure to Provide Proper Care During Arrest and Detention (Cognizable under 42 U.S.C. §1983)

20. Plaintiffs adopts by reference all preceding paragraphs.

21. Defendants had a duty to provide basic and legally required vehicular safety restraints when transporting Mr. Reyes while under their arrest and custody. Defendants, with deliberate indifference to such needs, failed to act in such a way to deprive Mr. Reyes of necessary and legally required seat and shoulder restraints while transporting him after arrest and while in their custody. Such acts and/or omissions of Defendants violated rights secured to Mr. Hall under the 5th, 8th and/or 14th Amendment of the United States Constitution.

22. Defendants breached their duties and were deliberately indifferent to Mr. Reyes safety while being transported to the jail after the DNR officers arrested him on a nonexistent DUI charge. This deprivation ultimately resulted in Mr. Reyes having significant and irreversible shoulder arm and back injuries for which you will suffer remainder of his life, and which will ultimately shorten his expected lifespan.

23. The Defendants and each of them were on notice that failure to provide adequate in

4

basic vehicular restraints are violations of Mr. Reyes' 5th, 8th, and 14th Amendment to the United States Constitutional rights.

24. As a direct and proximate result of Defendants' deliberate indifference, Mr. Reyes has received permanent and significant injuries sustained while in the custody of Defendants and as a direct result of the Defendant's deliberate indifference to Mr. Reyes' constitutional rights as set forth above .

25. Mr. Reyes was caused to endure prolonged pain and suffering which according to medical experts will continue for the rest of his life, even though his condition could have been easily prevented by applying the appropriate seat and shoulder harnesses in the OHV. Accordingly, Plaintiffs seek compensation in an amount to be determined at trial for the pain and suffering Mr. Reyes has endured and will continue to endure for the rest of his life.

26. Further, due to the egregious nature of Defendants' indifference and reckless disregard and indifference to the health and safety of Mr. Reyes, Plaintiffs' seek punitive damages against said Defendants.

## SECOND CAUSE OF ACTION

**Failure to Train and/or Supervise in Violation of the 5th, 8th and 14th Amendments Constitutional Deprivation of Constitutional Rights Pursuant to 42 U.S.C. §1983 (Cognizable under 42 U.S.C. §1983)**

27. Plaintiffs adopts by reference all preceding paragraphs.

28. DNR is considered "persons" under 42 U.S.C. §1983 and thus may be liable for causing a constitutional deprivation.

29. Mike Fowlks may be held liable in damages for constitutional wrongs caused by his failure to adequately train or supervise his subordinates due to his deliberate indifference.

30.     Defendants foresaw, or should have foreseen, the possibility of arrestee's being injured or possibly killed while in cuffs and being transported in a motor vehicle where no seat or shoulder harnesses are buckled on the immobilized defendant.  However, Defendants failed to provide adequate policies, procedures, or training to their employees or contractors to reasonably provide for the safety and health of individuals in custody of DNR, including Mr. Reyes. In this, Defendants were deliberately indifferent to the health and safety of Mr. Reyes and the deliberate indifference ultimately resulted in debilitating and permanent injuries.

31.     Defendant Fowlks failed to train on or implement an adequate policy regarding the basic care that must be provided a handcuffed and chained arrest the when being transported in any motor vehicle. He has however apparently trained the DNR officers that it is illegal to ride in a motor vehicle without seat and shoulder harnesses being buckled and has instructed them to ticket such offenders.

32.     Defendants, in their official in personal capacities, failed to provide adequate policies, procedures, or training to their officers in instructing and directing them to adequately monitor and provide minimal safety requirements for individuals under the arrest and custody of DNR Officers. In this, Defendants were deliberately indifferent to the health and safety of Mr. Reyes, with deliberate indifference which ultimately resulted in his death.

33.     As a direct and proximate result of Defendants' actions, inactions, and/or deliberate indifference, Mr. Reyes was deprived of her rights in violation of the 5th and 14th Amendment to the United States Constitution and 42 U.S.C. §1983, i.e., he was deprived of his life,  liberty and property without due process of law.

34.     Due to the severity of the injuries received by Mr. Reyes, the medical experts anticipate lifelong disabilities, and a shorter lifespan than expected for an individual without said injuries.

/

## **THIRD CAUSE OF ACTION**

### **Deprivation of Rights under Article I, Section 9 of the Utah Constitution Unnecessary Rigor in Confinement**

35. Plaintiff adopts by reference all preceding paragraphs.

36. Defendants' acts and omissions as set forth above deprived Mr. Hall of his constitutional rights guaranteed by Article I, Section 9 of the Utah Constitution, which provides that "Persons arrested or imprisoned shall be treated with unnecessary rigor.

37. Utah DNR and its officials' violations of Mr. Reyes' rights secured under Article I, Section 9 proximately caused Reyes to suffer substantial bodily injury damages, including but not limited to: i) the denial of Reyes' constitutional rights; ii) deprivation of personal liberty; iii) loss of property; iv) severe mental anguish; v) substantial physical pain; vi) loss of income and; vii) pain and suffering.

38. Defendants subjected Mr. Reyes to unnecessary rigor by failing to provide proper basic transportation prevention to Mr. Reyes as Mr. Reyes receive significant and permanent bodily injuries sustained in the incident while under the custody of DNR officers.

39. Defendants were on notice that Mr. Reyes needed to be buckled in the OHV. The Defendants and each of them were on notice that failure to provide adequate care and basic vehicle protections while transporting a arrestee are violations of Mr. Reyes' Utah Constitutional rights.

40. The Defendants failed to check Mr. Reyes' security in the OHV which they used to transport him after they had unconstitutionally detained him and put him in the vehicle for transportation to the jail.

41. There was no reasonable justification for Defendants' failure to provide adequate in basic vehicular safety of a seat and shoulder harness to Mr. Reyes.

42. Defendants foresaw, or should have foreseen, the possibility of Mr. Reyes suffering severe injuries because of their failure to put a cuffed and chained individual in a motor vehicle and transporting that individual without applying the proper seat and shoulder restraints while under custody being transported to Jail.

43. However, Defendant Mike Fowlks failed to provide adequate policies, procedures, or training to their employees or contractors to reasonably provide for the safety and health of arrestees, including Mr. Reyes, with such issues.

44. Upon information and belief, Defendant Mike Fowlks, is responsible for providing adequate policies, procedures, protocols, and training to their employees or contractors to reasonably provide for the safety and health of individuals in their custody, including Mr. Reyes, with such issues.

45. Defendants' lack of basic vehicular transportation prevention to Mr. Reyes following his arrest resulted in serious injury and permanent disability to Mr. Reyes constitutes the unnecessary rigor of a detainee and violates Utah's constitution.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests this court enter judgment against Defendants, and each of them and provide the following relief:

   a. Compensatory and special damages in whatever amount, exclusive of costs and interest, that Plaintiffs is found to be entitled;

   b. Punitive/exemplary damages against Defendants in whatever amount, exclusive of costs and interest, that Plaintiffs is found to be entitled;

  c. For interest and costs as allowed by law;

  d. For attorney fees, pursuant to 42 U.S.C. § 1988; and

  e. Such other and further relief as the court deems appropriate.

**DATED** this 11th day of April 2021.

            /s/ *Randall W. Richards*
            Randall W. Richards
            *Attorney for Defendant*

            *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November 2020, a true and correct copy of the **COMPLAINT AND JURY DEMAND was** served in the manner indicated below to the following individuals.

| | |
|---|---|
| | ___ U.S. Mail<br>___ Facsimile<br>_X_ Email<br>_X_ E-Filing<br>___ Other _____ |
| | ___ U.S. Mail<br>___ Facsimile<br>_X_ Email<br>_X_ E-Filing<br>___ Other _____ |
| | _X_ U.S. Mail<br>___ Facsimile<br>___ Email<br>___ E-Filing<br>___ Other _____ |

**DATED** this 12th day of April 2021.

                                              */s/ Kari Kulak* _____
                                              Kari Kulak
                                              Paralegal