UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| FREDDY JOE REYES,<br><br>Plaintiff,<br><br>v.<br><br>MIKE FOWLKS, CHASE PILI, MERCER OWEN, JAMES MORGAN, JOHN DOES I-V, and JANE DOES I-V,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS (DOC. NO. 20)**<br><br>Case No. 1:21-cv-00061<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Freddy Joe Reyes was injured while being transported in an off-road patrol vehicle following his arrest by officers of the Utah Department of Natural Resources ("DNR"). Mr. Reyes brought this suit against the DNR officers involved—Chase Pili, Mercer Owen, and James Morgan—and the DNR director at the time of the incident, Mike Fowlks.[1] (*See* Compl., Doc. No. 2.) Mr. Reyes alleges the officers failed to fasten Mr. Reyes' seatbelt or shoulder harness and crashed the vehicle into a fence post, severely injuring him. (Am. Compl. ¶¶ 15, 17, Doc. No. 10.) He asserts claims pursuant to 42 U.S.C. § 1983 for violations of his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as a claim for violation of the Utah Constitution. (*Id.* ¶¶ 19–44.)

Defendants moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing Mr. Reyes fails to state a claim on which relief can be granted and asserting

---

[1] Mr. Reyes also named "Utah Department of Natural Resources Parks and Recreation" as a defendant but later amended his complaint to remove claims against this entity. (*See* Compl., Doc. No. 2; Am. Compl., Doc. No. 10.)

they are entitled to qualified immunity. (Mot. to Dismiss, Doc. No. 20.) Having carefully reviewed the amended complaint and the parties' briefing,[2] the court finds Defendants are entitled to qualified immunity on Mr. Reyes' federal constitutional claims, and amendment of these claims would be futile. Therefore, the court GRANTS the motion to dismiss the federal constitutional claims and dismisses these claims with prejudice. Because all federal claims are dismissed, the court declines to exercise supplemental jurisdiction over Mr. Reyes' state claim for violation of the Utah Constitution and dismisses this claim without prejudice.

## BACKGROUND

According to the amended complaint, Mr. Reyes was legally driving his ATV on a U.S. Forest Service road in Cache County, Utah, when the DNR officers pulled him over "without reasonable suspicion" and arrested him for driving while impaired. (Am. Compl. ¶¶ 10–11, Doc. No. 10.) It was later determined he had no alcohol or controlled substance in his system, and all charges were dismissed. (*Id.* ¶ 12.) After conducting an "illegal search" of Mr. Reyes, the DNR officers placed him in handcuffs and a belly chain and transported him in the front seat of an off-road patrol vehicle.[3] (*Id.* ¶ 14.)

The patrol vehicle had a large sign requiring anyone riding in the vehicle to be securely fastened with a seatbelt and shoulder harness. (*Id.* ¶ 16.) None of the officers attached the seatbelt or shoulder harness on Mr. Reyes, although they fastened their own seatbelts and

---

[2] Pursuant to Civil Rule 7-1(g) of the Rules of Practice for the United States District Court for the District of Utah, the court rules on the motion on the basis of the written memoranda, as oral argument is unnecessary.

[3] Although Mr. Reyes makes conclusory allegations that he was stopped without reasonable suspicion and subjected to an illegal search, he does not assert separate claims based on these allegations. And he does not demonstrate these allegations are material to his claims regarding failure to provide proper care following his arrest.

2

shoulder harnesses. (*Id.* ¶ 15.) Because Mr. Reyes was handcuffed with a belly chain, he could not move his hands more than a few inches or fasten his own seatbelt and shoulder harness. (*Id.* ¶ 16.)

Officer Pili then drove the patrol vehicle "in a dangerous manner" and drove off the road, crashing into a fence post and causing serious physical injuries to Mr. Reyes. (*Id.* ¶ 17.) None of the officers who were buckled in with seatbelts and shoulder harnesses were injured. (*Id.*) Even after causing Mr. Reyes serious bodily injuries, the officers continued to process Mr. Reyes for driving while impaired rather than "spending their full attention" attending to Mr. Reyes' injuries. (*Id.* ¶ 18.)

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a motion to dismiss, the court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**ANALYSIS**

Mr. Reyes asserts claims against under 42 U.S.C. § 1983 for violations of his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as a claim for violation of the Utah Constitution. First, he claims Defendants violated his federal constitutional rights by failing to provide proper care during his arrest and detention. (Am. Compl. ¶¶ 19–26, Doc. No. 10.) Second, he claims Mr. Fowlks violated his federal constitutional rights by failing to adequately train or supervise the officer defendants. (*Id.* ¶¶ 27–33.) Third, he alleges Defendants violated article I, section 9 of the Utah Constitution by treating him with "unnecessary rigor" following his arrest. (*Id.* ¶¶ 34–44.) Mr. Reyes asserts these claims against Defendants only in their individual capacities, and he seeks monetary damages. (*Id.* ¶¶ 5–8, Prayer for Relief (a)–(b).)

Defendants argue the amended complaint fails to state a claim on which relief can be granted. They contend Mr. Reyes' claims under the Fifth and Eighth Amendments fail because the Fifth Amendment is inapplicable to state employees, and the Eighth Amendment applies only to person convicted of crimes. (Mot. 4–6, Doc. No. 20.) Defendants argue Mr. Reyes' Fourteenth Amendment claims fail because (1) Mr. Reyes fails to adequately allege deliberate indifference by the officers, (2) Mr. Reyes fails to adequately allege supervisory liability, and (3) Defendants are entitled to qualified immunity. (*Id.* at 6–23.) Finally, Defendants argue Mr. Reyes fails to state a claim for unnecessary rigor under the Utah Constitution. (*Id.* at 23–24.)

A. <u>Fifth Amendment Claims</u>

The Fifth Amendment applies only to action by the federal government; it is inapplicable to state employees. *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013). Mr. Reyes only alleges conduct by state employees. Therefore, he fails to state a claim

under the Fifth Amendment. Moreover, section 1983 imposes liability only for actions taken under state law. *Id.* Thus, even if a federal actor were involved, Mr. Reyes could not bring a Fifth Amendment claim under section 1983. Because no amendment could cure these deficiencies, Mr. Reyes' Fifth Amendment claims are dismissed with prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

B. Eighth Amendment Claims

The Eighth Amendment protects against deliberate indifference to an excessive risk to a prisoner's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). However, the Eighth Amendment applies only to persons who have been convicted of a crime. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979). The due process clause of the Fourteenth Amendment provides equivalent protections to pretrial detainees. *Burke v. Regalado*, 935 F.3d 960, 991 (10th Cir. 2019) (citing *Bell*, 441 U.S. at 535 n.16). At the time of the incident, Mr. Reyes was a pretrial detainee, not a person convicted of a crime. Therefore, his claims arise under the Fourteenth Amendment, not the Eighth Amendment. Because no amendment could cure this deficiency, Mr. Reyes' Eighth Amendment claims are dismissed with prejudice. *See Brereton*, 434 F.3d at 1219.

C. Fourteenth Amendment Claims

Defendants argue Mr. Reyes fails to state a claim for a violation of the Fourteenth Amendment, and they contend they are entitled to qualified immunity. A number of legal standards form the backdrop for Mr. Reyes' claims.

First, qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). "At the motion to dismiss stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness." *Sayed v. Virginia*, 744 F. App'x 542, 546 (10th Cir. 2018) (unpublished) (quoting *Thomas*, 765 F.3d at 1194). The court evaluates "(1) whether the facts that a plaintiff has alleged make out a violation of constitutional right, and (2) whether the right at issue was clearly established." *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013) (internal quotation marks omitted). If the plaintiff's claim fails on either prong, qualified immunity protects the defendant from suit. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002).

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). A right is clearly established if there is "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts [has] found the law to be as the plaintiff maintains." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (internal quotation marks omitted). A case directly on point is not required, but "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Section 1983 permits a plaintiff to sue state officials who violate her constitutional or federally protected rights. *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013). "A § 1983 claim requires a plaintiff to show both the existence of a federally-protected right and the deprivation of that right by a person acting under color of state law." *Wittner v. Banner Health*, 720 F.3d 770, 773 (10th Cir. 2013). Although the elements required to establish a section 1983 claim differ depending on which rights are at issue, to assert a viable claim under section 1983, a plaintiff must "identify specific actions taken by particular defendants" in violation of her rights. *Pahls*, 718 F.3d at 1226 (emphasis omitted) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)).

The due process clause of the Fourteenth Amendment provides constitutional protection against deliberate indifference to a substantial risk of serious harm to a pretrial detainee. *See Burke*, 935 F.3d at 991 (citing *Bell*, 441 U.S. at 535 n.16). In evaluating a Fourteenth Amendment claim, courts "apply an analysis identical to that applied in Eighth Amendment cases." *Id.* (internal quotation marks omitted). The test for an Eighth Amendment violation includes objective and subjective components. *Id.* To meet the objective component, the plaintiff must show "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. To meet the subjective component, the plaintiff must show "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 837.

With these standards in mind, the court examines whether Mr. Reyes has alleged a violation of a clearly established constitutional right under the Fourteenth Amendment.

1. First Cause of Action: Failure to Provide Proper Care During Arrest and Detention

In his first cause of action, Mr. Reyes claims Defendants acted with deliberate indifference by failing to provide proper care during his arrest and detention, in violation of the

Fourteenth Amendment.[4] (Am. Compl. 4, Doc. No. 10.) As described above, Mr. Reyes alleges the officer defendants failed to fasten his seatbelt and shoulder harness; Officer Pili drove the patrol vehicle "in a dangerous manner," drove off the road, and crashed into a fence post; and, as a result, Mr. Reyes was seriously injured. (*Id.* ¶¶ 15–17.) Mr. Reyes also alleges the officers continued to process Mr. Reyes for driving while impaired rather than "spending their full attention" attending to his injuries. (*Id.* ¶ 18.) Viewed in the light most favorable to Mr. Reyes, these allegations are insufficient to state a claim for a violation of a clearly established constitutional right.

As an initial matter, although Mr. Reyes asserts this claim against "Defendants" collectively, he does not allege Mr. Fowlks was personally involved in his arrest or transport in the patrol vehicle. Accordingly, his first cause of action fails to state a claim against Mr. Fowlks.

Mr. Reyes' allegations against the officer defendants are similar to those in *Dexter v. Ford Motor Company*, 92 F. App'x 637 (10th Cir. 2004) (unpublished). In *Dexter*, the Tenth Circuit held a plaintiff failed to state a claim of an Eighth Amendment violation based on correctional officers' failure to fasten inmates' seatbelts during prison transport. *Id.* at 641–44. The plaintiff in *Dexter* alleged the correctional officers failed to fasten his and eight other inmates' seatbelts—even though a prison policy required all inmates be seatbelted during transport, and several inmates asked to have their seatbelts fastened. *Id.* at 638. Because the inmates were handcuffed and shackled, they were unable to fasten their own seatbelts. *Id.* The transport driver was speeding and his attention was diverted when he reached for food or drink.

---

[4] Mr. Reyes also cites the Fifth and Eighth Amendments, which are inapplicable for the reasons explained above.

*Id.* The van strayed onto the median and rolled, ejecting the plaintiff and rendering him quadriplegic. *Id.*

The *Dexter* court held failure to fasten inmates' seatbelts does not pose a "substantial risk of serious harm" and, therefore, does not meet the objective component of the test for an Eighth Amendment violation. *Id.* at 641. The court did not consider whether the failure to fasten seatbelts coupled with reckless driving would satisfy the objective component because the plaintiff conceded on appeal that reckless driving was not part of his Eighth Amendment claim. *Id.* at 640–41. Because the plaintiff's allegations of failure to seatbelt inmates, standing alone, did not state a claim for an Eighth Amendment violation, the court found the officers were entitled to qualified immunity. *Id.* at 643–44.

Courts in other circuits have also held failure to provide prisoners or pretrial detainees with seatbelts does not violate the Eighth or Fourteenth Amendments. *See, e.g.*, *Jabbar v. Fischer*, 683 F.3d 54, 58 (2d Cir. 2012) ("[T]he failure of prison officials to provide inmates with seatbelts does not, without more, violate the Eighth or Fourteenth Amendments."); *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 908 (8th Cir. 1999) (holding use of patrol wagons without seatbelts to transport pretrial detainees did not violate the Fourth Amendment because it did not present a "substantial risk of serious harm"); *Richey v. N. Atl. Extradition Servs.*, 2012 U.S. Dist. LEXIS 16216, at *17 (E.D. Ky. Jan. 3, 2012) (unpublished) ("[A] failure to provide seatbelts does not, by itself, constitute a substantial risk of serious harm rising to the level of a constitutional violation." (internal quotation marks omitted)).

Based on these cases, Mr. Reyes' allegation that the officers failed to fasten his seatbelt and shoulder harness is, on its own, insufficient to meet the objective component of a Fourteenth Amendment claim. However, Mr. Reyes contends his additional allegations that the officers

9

fastened their own seatbelts, the patrol vehicle had a sign requiring use of seatbelts and shoulder harnesses, and Officer Pili drove "in a dangerous manner" are sufficient to state a claim for a constitutional violation. (Opp'n 8–9, Doc. No. 23.)

Even considering these additional allegations, Mr. Reyes fails to state a claim for a violation of the Fourteenth Amendment. Mr. Reyes cites no case law suggesting the officers' decision to fasten their own seatbelts or ignore the sign on the vehicle changes the analysis. Where acting contrary to a prison policy requiring seatbelts was insufficient to give rise to a constitutional violation in *Dexter*, acting contrary to a sign posted on a vehicle cannot rise to the level of a constitutional violation.

Mr. Reyes' allegation that Officer Pili drove "in a dangerous manner" is also insufficient to give rise to a constitutional violation. There is no Supreme Court or Tenth Circuit precedent holding that failure to fasten a seatbelt combined with reckless driving violates the Fourteenth Amendment. Mr. Reyes relies, instead, on Eighth Circuit cases involving refusal to seatbelt inmates and reckless driving. However, as explained below, in none of these cases did the Eighth Circuit find constitutional violations based on allegations similar to those in Mr. Reyes' amended complaint.

In *Brown v. Fortner*, 518 F.3d 552 (8th Cir. 2008), the court considered whether two officers driving prison transport vans, which collided, violated the Eighth Amendment. The plaintiff presented evidence the officer driving the first van refused the plaintiff's and other inmates' requests to fasten their seatbelts, in violation of a policy requiring inmates' seatbelts be secured during transport. *Id.* at 556, 559. The officer then "[drove] in excess of the speed limit, follow[ed] too closely to the lead van, cross[ed] over double-yellow lines, . . . pass[ed] non-convoy cars when the road markings clearly prohibited doing so," and ignored the inmates'

requests to slow down. *Id.* at 559. The plaintiff presented evidence the officer driving the second van also drove recklessly, but there was no evidence this officer knew the plaintiff was not seatbelted, nor that this officer refused to slow down after being asked. *Id.* at 560. As to the first officer, the court held "a reasonable jury could conclude that there was a substantial risk of harm to [the plaintiff] and that [the officer] knew of and disregarded the substantial risk of harm." *Id.* at 560. But the court found the evidence insufficient to show an Eighth Amendment violation by the second officer, explaining "[w]ithout more than reckless driving, . . . [the court] cannot conclude [the second officer's] conduct amounted to deliberate indifference." *Id.* at 560–61.

Here, Mr. Reyes does not allege the officer defendants refused a request to fasten his seatbelt or shoulder harness in violation of a policy requiring it; he merely alleges they failed to do so. And his allegation that Officer Pili drove "in a dangerous manner" amounts, at most, to an allegation of reckless driving, which the Eighth Circuit found insufficient to show deliberate indifference. *Id.* at 560–61. Mr. Reyes does not explain how Officer Pili's driving was dangerous, nor does he allege Officer Pili refused a request to drive more carefully. In short, he offers no allegations suggesting the officers acted with deliberate indifference, rather than mere negligence or recklessness.

Mr. Reyes also relies on the Eighth Circuit's earlier opinion reversing the district court's grant of a motion to dismiss in the same case. *See Brown v. Mo. Dep't of Corrs.*, 353 F.3d 1038 (8th Cir. 2004). In that decision, the court held the plaintiff's allegations that the officers refused the inmates' requests to fasten their seatbelts was sufficient to state an Eighth Amendment claim. *Id.* at 1040. But, as noted, Mr. Reyes does not allege the officers in this case refused a request to fasten his seatbelt and harness.

11

Finally, Mr. Reyes cites *Brown v. Morgan*, 1994 U.S. App. LEXIS 30930 (8th Cir. Nov. 7, 1994) (unpublished) (per curiam), an unpublished Eighth Circuit opinion in which the court held allegations that an officer refused to let a prisoner wear a seatbelt, drove at high rate of speed in bad weather, and smiled and taunted the prisoner when he saw prisoner was frightened were sufficient to state an Eighth Amendment claim. *Id.* at *1–2. As an initial matter, a single, unpublished opinion from another circuit is insufficient to demonstrate the constitutional right was clearly established, such that reasonable officials in the Tenth Circuit "would have understood that what [they were] doing violates that right.'" *Mullenix*, 577 U.S. at 11. Moreover, as discussed, Mr. Reyes does not allege the officers refused to let him wear a seatbelt, nor does he allege conduct by the officers, such as smiling or taunting, which would suggest deliberate indifference.

Finally, Mr. Reyes' allegation that the officer defendants continued to process Mr. Reyes for driving while impaired rather than "spending their full attention" attending to his injuries does not allege a violation of a constitutional right. (*See* Am. Compl. ¶ 18, Doc. No. 10.) Mr. Reyes does not allege he was denied constitutionally adequate medical care, and he cites no authority supporting the proposition that law enforcement officers are constitutionally required to stop processing an arrest when the arrestee is injured, or that officers must devote "full attention" to an arrestee's injuries.

For these reasons, Mr. Reyes' amended complaint fails to allege facts sufficient to state a claim for a violation of the Fourteenth Amendment, let alone a violation of clearly established rights. Accordingly, on the facts alleged, Defendants are entitled to qualified immunity on Mr. Reyes' first cause of action.

2. <u>Claim for Failure to Train, Supervise, and Implement Policies</u>

In his second cause of action, Mr. Reyes alleges Mr. Fowlkes violated his Fourteenth Amendment rights by failing to adequately train or supervise his subordinates, and by failing to "implement an adequate policy regarding the basic care that must be provided a handcuffed and chained arrestee when being transported in any motor vehicle."[5] (Am. Compl. ¶¶ 28–32, Doc. No. 10.) But a "claim of inadequate training, supervision, and policies under § 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation by the person supervised." *Dexter*, 92 F. App'x at 644 (quoting *Webber v. Mefford*, 43 F.3d 1340, 1344–45 (10th Cir. 1994)). Because Mr. Reyes fails to state a claim for an underlying constitutional violation by the officer defendants, he also fails to state a claim for inadequate training, supervision, and policies. Accordingly, Mr. Fowlks is entitled to qualified immunity on Mr. Reyes' second cause of action.

Considering the case law discussed above and the nature of Mr. Reyes' Fourteenth Amendment claims, the deficiencies in Mr. Reyes' complaint are incurable. Mr. Reyes has not identified Supreme Court or Tenth Circuit precedent in his favor, nor is there clearly established authority from other courts supporting a constitutional claim based on failure to seatbelt and reckless driving. Thus, even if given leave to amend,[6] Mr. Reyes could not plead a violation of a clearly established constitutional right as required to overcome the defense of qualified

---

[5] This claim also contains allegations that "Defendants" collectively failed to adequately train, supervise, or implement policies, but it contains no allegations specific to the officer defendants. Accordingly, it does not state a claim against the officer defendants.

[6] Notably, Mr. Reyes has already amended his complaint once, and he has not moved for leave to file a second amended complaint.

immunity. Because amendment would be futile, Mr. Reyes' Fourteenth Amendment claims are dismissed with prejudice. *See Brereton*, 434 F.3d at 1219.

    D. <u>Claim for Unnecessary Rigor Under the Utah Constitution</u>

Because Mr. Reyes' federal claims are dismissed, his only remaining claim is for violation of the Utah Constitution's unnecessary rigor clause. *See* Utah Const. art. I, § 9 ("Persons arrested or imprisoned shall not be treated with unnecessary rigor.").

A court may decline to exercise supplemental jurisdiction over state law claims if any of the following four circumstances exists: (1) the claim raises a novel or complex issue of state law; (2) the state law claim substantially predominates over the federal claim; (3) the court has dismissed all of the claims over which it has original jurisdiction; or (4) "exceptional circumstances" provide "compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). This statute also provides the period of limitations for a pendent state law claim is "tolled while the claim is pending [in federal court] and for a period of [at least] 30 days after it is dismissed[.]" 28 U.S.C. § 1367(d).

In *Dexter*, the Tenth Circuit declined to address the plaintiff's claim for violation of the Utah Constitution's unnecessary rigor clause where the defendants were immune from suit on the federal claims. 92 F. App'x at 644. The court explained:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

 *Id.* (internal quotation marks omitted).

For the same reasons, the court declines to exercise supplemental jurisdiction over Mr. Reyes' state law claim for unnecessary rigor in this case. Where all federal claims have been dismissed, this claim is more appropriately addressed by Utah state courts.

## CONCLUSION

Defendants' motion to dismiss is GRANTED as to Mr. Reyes' federal constitutional claims (claims 1 and 2), and these claims are dismissed with prejudice. The court declines to exercise supplemental jurisdiction over Mr. Reyes' state claim for violation of the Utah Constitution (claim 3) and dismisses this claim without prejudice.

DATED this 24th day of March, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge